IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 308-001 |
| | ) | |
| RODNEY CLARK | ) | |

## ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Rodney Clark. The United States of America, by and through its attorney, Edmund A. Booth, Jr., United States Attorney, and Darrin L. McCullough, Assistant United States Attorney, has filed a combined response to these motions.[1]

### GENERAL DISCOVERY MOTION

As to Defendant's general discovery requests, (doc. no. 425), the government responds that it has provided Defendant "open file" discovery in this case. The government has provided investigative reports, reports of laboratory analysis, and other documentary materials relevant to this case (attorney and agent work product excepted). Reports of any statements made by Defendant and reports on any searches and seizures conducted during

---

[1] The government responded to the previous round of motions filed in this case. (Doc. no. 316). As of the date of the entry of this Order, the time to respond to the current round of motions filed had not yet expired. Nevertheless, given that the Honorable Dudley H. Bowen, Jr., United States District Judge, is holding a status conference in this case on Monday, September 8, 2008, the Court will rule on Defendant's motions on the basis of the information provided by the government in response to similar motions previously filed in this case. Of course, as noted elsewhere in this Order, counsel will have an opportunity to raise any existing disputes or unresolved items that are not addressed herein.

the investigation, as well as Defendant's criminal history, have also been provided. Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders the general discovery requests **MOOT**.

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit, not later than five (5) days from the date of this Order, a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>. Further addressing Defendant's specific requests for disclosure:

1. **NOTICE OF EVIDENCE SUBJECT TO SUPPRESSION:**

The purpose of this request is to give Defendant advance notice of any arguably suppressible evidence which will be used at trial. In this case, the attorney for the government has granted liberal discovery, giving Defendant access to the government's investigative file. This discovery should eliminate the possibility of surprise at trial. Therefore, the request is **DENIED**.

2. **NOTICE OF OTHER CRIMES OR UNCHARGED MISCONDUCT:**

Defendant requests that the government give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated May 2, 2008 (doc. no. 209), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosures in accordance with the Local Rules. Accordingly, this request for 404(b) disclosures, which the government has already been directed to make, is **MOOT**.

3. **DEFENDANT'S STATEMENTS:**

In light of the government's liberal discovery policy, and in light of the government's disclosure that reports of any statements by Defendant have been produced, this request is **MOOT**.

4. **"CATCHALL" HEARSAY EXCEPTIONS:**

The Court trusts that counsel for the government is thoroughly familiar with the notice requirements of Rule 807 and will provide such notice to Defendant.

5.  **CO-CONSPIRATORS' HEARSAY EXCEPTIONS:**

Defendant seeks an order compelling the government to disclose all co-conspirator statements. In support of his request, Defendant argues that the language of Fed. R. Crim. P. 16(a)(1)(A), which requires disclosure of "statements made by the defendant(s)," mandates disclosure of co-conspirator statements, since those statements are imputed to Defendant under Fed. R. Evid. 801(d)(2)(E). Unfortunately for Defendant, the Eleventh Circuit has ruled that these independent provisions cannot be read *in pari materia*. United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) (*en banc*) (adopting the reasoning of United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*)). The policy underlying nondisclosure of co-conspirator statements rests firmly on the belief that disclosure would unnecessarily promote both the intimidation of witnesses and attempts to suborn perjury. Roberts, 811 F.2d at 259 (citing United States v. Jackson, 757 F.2d 1486, 1493 (4th Cir. 1985) (Wilkinson, J, concurring)). The Jackson concurrence correctly noted that nothing in Fed. R. Crim. P. 16(a)(1)(A), can be read to require disclosure of co-conspirator statements and that decisions relied on by the defendant justifying discovery of such statements as "vicarious admissions" of defendants "make one person out of two and beg the question of undue pressure which may result." Jackson, 757 F.2d at 1493. Rule 16(a)(1)(A) requires the government to disclose "the substance of any relevant oral statement made by the defendant." Any discovery of co-conspirator statements must be pursuant to the provisions of the Jencks Act, 18 U.S.C. § 3500, or not at all. Roberts, 811 F.2d at 259. Therefore, Defendant's request for disclosure of co-conspirator statements is **DENIED**.

6. **DEFENDANT'S PRIOR RECORD:**

The government has responded that it has provided Defendant's known criminal record to him in discovery. This request is therefore, **MOOT**.

7. **DOCUMENTS AND TANGIBLE OBJECTS:**

The government has indicated its willingness to comply with this request, and Defendant's request is therefore, **MOOT**.

8. **WITNESS NAMES AND ADDRESSES:**

A separate motion was filed seeking this same discovery; therefore, this request is addressed below.

9. **CRIMINAL RECORDS OF ALL WITNESSES:**

Defendant seeks disclosure of prior criminal conduct and uncharged bad acts of all witnesses. The Confrontation Clause guarantees a criminal defendant an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Moreover,

the government has stated its willingness to provide, as soon as practicable after they are received by the United States Attorney's office, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Fed. R. Crim. P. 609. (Doc. no. 316, p. 2). Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's request is **DENIED**.

10. **WRITTEN STATEMENTS OF PERSONS NOT CALLED AS WITNESSES:**

Defendant argues that pursuant to Fed. R. Crim. P. 16(a)(1)(C), he is entitled to disclosure of statements of witnesses the government does not intend to call as witnesses.[2] The Court disagrees. Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Under this Rule, a defendant is entitled to discover certain materials if they are either (1) material to the preparation of the defense, or (2) intended by the government to be used as evidence, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). However, this Rule is qualified and limited by Rule 16(a)(2), which provides:

---

[2]It appears that Defendant may have actually intended to reference Rule 16(a)(1)(E). The rule cited, Rule 16(a)(1)(C), applies to an organizational defendant. There is no such defendant in this case.

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

It can be seen that Rule 16(a)(2) prevents the "discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Even if the statements satisfy one of the requirements of Rule 16(a)(1)(E), discovery by a defendant is still barred by Rule 16(a)(2) unless those witnesses will testify at trial. In that case, the statements would be discoverable pursuant to the Jencks Act. See generally United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006) (reviewing requirements for disclosure of statements of witnesses testifying at trial and explicitly noting that "Jencks Act does not apply to the statements of non-testifying witnesses"). The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda, discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2). If the statements are not otherwise discoverable pursuant to the rule in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny and no showing of materiality is made, they are not discoverable at all.

11. **INFORMANT'S NAME, IDENTITY AND WHEREABOUTS:**

Counsel for Defendant seeks the disclosure of the identity of any informants whose testimony the government intends to use at trial. Where the informant was not an active participant in the criminal activity, disclosure is not required. Roviaro v. United States, 353 U.S. 53, 61-63 (1957); United States v. Gutierrez, 931 F.2d. 1482, 1490-91 (11th Cir. 1991);

United States v. Parikh, 858 F.2d 688, 696 (11th Cir. 1988); United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1979). The government must disclose the identity of any informant who played an active role in the criminal activity charged against Defendant at least fourteen (14) days prior to trial. Such disclosure will ensure an adequate opportunity for Defendant to prepare for trial and obviate any need for an *in camera* showing by the government pursuant to Fed. R. Crim. P. 16(d). See United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) (*per curiam*) (re-iterating circuit precedent that *in camera* hearing not automatically required when informant identity requested). Defendant's request for discovery of informants is therefore, **GRANTED,** as set forth herein.

## 12. REPORTS AND CONCLUSIONS OF SCIENTIFIC TESTS OR ANALYSIS:

Defendant requests the production of all written reports of any scientific analysis or chemical analysis conducted by the government. The government states that if any scientific tests were conducted and the results are available, those results have been included in the discovery materials. (Doc. no. 316, p. 1). Therefore, this request is **MOOT**.

## 13. EXEMPLARS OF TESTS, FINGERPRINT IMPRESSIONS:

Defendant requests the production of any handwriting or voice exemplars, fingerprint impressions, or other materials obtained by whatever means or process which the government intends to offer into evidence. The government states that laboratory analysis reports have been included in the discovery materials. (Id.). Therefore, this request is **MOOT**.

14. **TRANSCRIPT OF GRAND JURY TESTIMONY:**

Defendant seeks disclosure of grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury.... Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758-59 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976) (showing of need justifying disclosure of grand jury transcripts must include more than an unsubstantiated assertion of impropriety); see also United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (recognizing that Eleventh Circuit precedent requires showing of "particularized need" to obtain disclosure of protected grand jury materials). Defendant has expressed a general desire to review those records but has not even attempted to show a need for them. Accordingly, the request for disclosure of grand jury proceedings is **DENIED**.[3]

15. **DEMAND FOR EXCULPATORY EVIDENCE:**

A separate motion was filed seeking this same discovery; therefore, this request is addressed below.

16. **SUBSTANCE OR PROMISES OR PLEA BARGAINS BETWEEN WITNESSES AND GOVERNMENT:**

In light of the government's liberal discovery policy, this request is **MOOT**.

---

[3]Despite the Court's denial of this request because of a lack of a particularized showing, it may well be that Defendant's request has been satisfied based on the government's disclosure that the grand jury transcript has been made available to defense counsel. (Doc. no. 289, p. 1).

9

## MOTION TO ADOPT THE MOTIONS OF CO-DEFENDANTS

This motion to adopt the motions of co-defendants is **GRANTED**. (Doc. no. 419). Counsel Defendant is instructed to file written notice with this Court of the specific motions that Defendant intends to adopt. Such written notice must be filed not later than five (5) days from the date of this Order.

## MOTION TO PRESERVE EVIDENCE, AGENTS' ROUGH NOTES, REPORTS, MEMORANDA AND TAPE RECORDINGS

Defendant filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 420). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motion is **GRANTED**. The government is required to preserve all evidence in this case.

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 421), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which they desire to ask prospective jurors;[4]

---

[4] As to the specific voir dire questions attached to this motion, the method and manner of juror voir dire is committed to the sound discretion of the district court. United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997). This discretion extends "both to the decision

10

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

### MOTION TO INSPECT, EXAMINE, AND TEST PHYSICAL EVIDENCE

Defendant filed a motion to inspect, examine, and test physical evidence. (Doc. no. 422). This motion is **GRANTED**, subject to the following terms and conditions:

(a) Counsel for Defendant must determine which items of physical evidence he wishes to have tested or examined by experts of his own choosing and submit a list of such items to the government;

(b) Counsel for Defendant shall confer with the government's attorney to work out the availability of substances or materials to be tested;

(c) Any testing by experts on behalf of Defendant must be completed within fifteen (15) days of the date of this Order;

(d) A representative of the government qualified in the field of such testing shall be present to observe the testing procedures and technique used by Defendant's experts. In addition, testing shall not be performed without the presence of the government's technical observer; and

---

whether or not to submit suggested questions to the jury, and to the decision whether to question prospective jurors collectively or individually." Id. (quoting United States v. Delval, 600 F.2d 1098, 1102 (5th Cir. 1979)). Thus, whether, and the exact manner in which, any such questions are presented to jurors will be decided by the presiding trial judge.

11

(e) A copy of the test or laboratory results obtained by Defendant's experts shall be served upon the government's representative not later than five (5) days after conducting the actual test.

## MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant filed a motion seeking the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 423). To some extent, Defendant's request exceeds the scope of Brady. Brady material includes information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This motion is **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant filed a motion requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose

material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963). This, in essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this motion is **DENIED**. (Doc. no. 424).

### MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION

Defendant filed this motion to require the government to give notice of its intention to use any evidence in its evidence-in-chief at trial which Defendant is entitled to discover under the Federal Rules of Criminal Procedure. Defendant seeks an opportunity to suppress any such evidence, attack the relevancy and materiality of such evidence, and review such evidence. Rule 12 of the Federal Rules of Criminal Procedure is not a discovery Rule. Furthermore, the Rule's purpose is limited to providing notice of discoverable evidence that a defendant may wish to suppress. To require the government to give notice of all the evidence to be used in the case would bring the government's investigation to an end. The government's response indicates that it is providing "open file" discovery including documents and things not required to be disclosed pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure. This should effectively eliminate any possibility of surprise.

It must be remembered that pursuant to Rule 12(b)(4)(B), "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." It is clear that what the

government is required to disclose early on in the pendency of the case is evidence gathered from searches and seizures including electronic monitoring, and statements and confessions, all of which may be subject to suppression upon motion by Defendant. In essence the Rule requires the government to make early disclosure of these matters to allow the Court to determine any suppression motions prior to trial thereby avoiding needless delay during trial. The government's "open file" discovery policy in this case addresses all these concerns. The government is reminded that its duty to disclose is a continuing one, and any "arguably" suppressible evidence coming into its possession after its initial discovery disclosures must be disclosed as soon as practicable. Accordingly, Defendant's motion is **MOOT**. (Doc. no. 426).

SO ORDERED this 5th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE